Marjorie E. Kratsas
Nevada Bar No. 12934
Wood, Smith, Henning & Berman LLP
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
Telephone: 702.251.4100
Facsimile: 702.251.5405
mkratsas@wshblaw.com
*Attorneys for Defendants*
*Nevada CVS Pharmacy, L.L.C.; and*
*Warm Springs Road CVS, L.L.C.*

WOOD, SMITH, HENNING & BERMAN LLP
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702.251.4100 ♦ FAX 702.251.5405

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MICKEY JESSE MAREZ, SR., individually,

Plaintiff,

v.

NEVADA CVS PHARMACY, LLC, a Nevada limited liability company; WARM SPRINGS ROAD CVS, L.L.C., a Nevada limited liability company; DOE EMPLOYEE I - X; DOES I – X, inclusive; and ROE CORPORATIONS I – X, inclusive,

Defendants.

Case No.:  2:25-cv-00625-CDS-DJA

**Stipulation and Order to Extend Time For Discovery (Third Extension Requested)**

## STIPULATION

COMES NOW Plaintiff, MICKEY JESSE MAREZ, SR., individually, and Defendants NEVADA CVS PHARMACY, LLC, and WARM SPRINGS ROAD CVS, L.L.C., by and through their counsel of record, and hereby moves this court for an Order to extend the current discovery deadlines for an additional thirty (30) days.

## LAW

Fed.R.Civ.P. 6(b)(1)(A) provides in pertinent part:

(b) *Extending Time*.

1

42020123.1:12713-0006

Case No.  2:25-cv-00625-CDS-DJA

**STIPULATION AND (PROPOSED) ORDER TO EXTEND DISCOVERY DEADLINES**
**(THIRD REQUEST)**

(1) *In General*.  When an act may or must be done within a specified time, the court may, for good cause, extend the time:

    (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

    (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

LR 6-1 provides in pertinent part:

    (a) Every motion requesting a continuance, extension of time, or Order shortening time shall be "Filed" by the clerk and processed as an expedited matter . . .

    (b) Every motion or stipulation to extend time shall inform the Court of any previous extensions granted and state the reasons….For the extension requested . . . Immediately below the title of such motion or stipulation there shall be included a statement indicating whether it is the first, second, third, etc., requested extension . . .

LR 26-4 provides in pertinent part:

    Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR-6-1, be supported by a showing of good cause for the extension.

The Court has broad discretion in supervising the pretrial phase of litigation, which includes establishing discovery deadlines.  *See Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002).   Under LR 26-4, a motion or stipulation to extend scheduling order deadlines must be supported by a showing of "good cause" and requests to extend scheduling order deadlines that are filed less than 21 days before the expiration of said deadlines must be supported by a showing of excusable neglect.

## Discovery Completed

The parties have met and conferred as required by LR II 26-1 and have exchanged all documents required by FRCP 26(a). The following discovery has been completed:

- Plaintiff served his Initial FRCP Disclosure on July 9, 2025.

- Defendant requested authorizations to Plaintiff's identified 21 medical providers and 1 employer on July 10, 2025. The authorizations were returned executed on July 23, 2025.

- Defendants propounded its First Sets of Interrogatories and Requests for Production of Documents to Plaintiff on July 12, 2025.

WOOD, SMITH, HENNING & BERMAN LLP
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702.251.4100 ♦ FAX 702.251.5405

WOOD, SMITH, HENNING & BERMAN LLP
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702.251.4100 ◆ FAX 702.251.5405

- Defendants served its Initial FRCP Disclosure on July 15, 2025.

- Plaintiff served his First Supplemental FRCP Disclosure on August 1, 2025.

- Plaintiff propounded responses to Defendants' First Sets of Interrogatories and Requests for Production of Documents to Plaintiff on August 11 and 12, 2025.

- Plaintiff served his Second Supplemental FRCP Disclosure on September 3, 2025.

- Defendants served its First Supplemental FRCP Disclosure on September 11, 2025.

- Plaintiff propounded his First Sets of Interrogatories, Requests for Admissions, and Requests for Production of Documents on September 28, 2025.

- Defendants served its Second Supplemental FRCP Disclosure on October 24, 2025.

- On September 10, 2025, Defendants' counsel had an unexpected injury that required a recovery period.

- Defendants served Supplemented responses to Plaintiff's First Sets of Interrogatories, Requests for Admissions, and Requests for Production of Documents on November 26, 2025.

- Defendants served its Third Supplemental FRCP Disclosure on November 26, 2025.

- Defendant requested authorization to Plaintiff's newly identified 9 medical providers, worker's compensation, and 1 additional employer on December 2, 2025. The authorizations were returned executed on December 12, 2025.

- Plaintiff served his Third Supplemental FRCP Disclosure on December 10, 2025. In this disclosure, it was announced that Plaintiff resumed care.

- Plaintiff served his Fourth Supplemental FRCP Disclosure on December 11, 2025.

- Defendants conducted the deposition of Plaintiff Mickey Marez on December 11, 2025.

- Defendants conducted the deposition of Karen Marez on December 11, 2025.

- Defendants issued subpoenas for records and deposition of treating providers: Dr. Wentz, Dr. Evangelista, Dr. Baumann, Dr. Chopra, and Dr. Garber on December 15, 2025, and the depositions are being coordinated for all party's convenience mostly to be conducted in April 2026.

- On December 29, 2025, counsel for Defendants' immediate family member had an unexpected injury that required counsel to travel to the east coast and prepare for a surgery.

- Plaintiff requested the deposition of Defendant' Rule30(b)(6) agent(s) on December 16, 2025. An objection to topics was served January 12, 2025.

- Plaintiff issued subpoena for records from Maintenix Internation Service Management Group on December 19, 2025.

- Defendants requested authorization to Plaintiff's newly identified 11 medical

**STIPULATION AND (PROPOSED) ORDER TO EXTEND DISCOVERY DEADLINES (THIRD REQUEST)**

WOOD, SMITH, HENNING & BERMAN LLP
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702.251.4100 ◆ FAX 702.251.5405

providers, social security, gym membership, Sedgwick, and worker's compensation attorney's file on January 7, 2026. The authorizations are pending execution.

- Defendants issued a subpoena for deposition of Adam Hissong on January 9, 2026.

- Defendants requested supplemental responses to Plaintiff's First Set of Interrogatories on January 12, 2026, noting that no pre-event medical providers have been identified with sufficient detail to request records.

- Defendants served its Fourth Supplemental FRCP Disclosure on January 12, 2025.

- Defendants served its Supplemental Responses to Plaintiff' First Set of Requests for Production of Documents on January 12, 2026.

- Defendants received executed authorizations for newly discovered pre-incident medical providers (x12) on January 13, 2026.

- Plaintiff served his Supplemental Responses to Defendant's First Set of Interrogatories, following a meet and confer request, identifying pre-event medical providers for the first time, on January 20, 2026.

- Defendants issued subpoenas to four of Plaintiff's workers' compensation entities and employer on January 22, 2027.

- Plaintiff served his Sixth Supplemental FRCP Disclosure on January 21, 2026.

- Plaintiff conducted an in-person site inspection on January 21, 2026.

- Plaintiff conducted the deposition of Jed Javier on January 21, 2026.

- Plaintiff served his Seventh Supplemental FRCP Disclosure on January 26, 2026.

- Defendants received executed authorizations for newly discovered pre-incident medical providers (x6) on January 26, 2026.

- Defendants served its Fifth Supplemental FRCP Disclosure on January 30, 2026.

- Plaintiff served his Eighth Supplemental FRCP Disclosure on February 11, 2026.

- Defendants served its responses to Plaintiff's Second Set of Requests for Production on February 25, 2026.

### Discovery to be Completed

- The deposition of Jay Cabalitasan and Carolyn Maloof were coordinate and are set to be conducted by Plaintiff on March 11th and 12th, 2026.

- The treating provider depositions listed above are anticipated to be completedApril 2026. Additional providers are expected to be noticed once records of pre-event care are received.

- The deposition of employer, Adam Hissong, is scheduled for March 10, 2026.

- The Rule30(b)(6) deposition for CVS is pending and hearing relating the scope of the topics is scheduled for March 4, 2026.

Additional depositions will need to be taken. Defense counsel, and later, her immediate family member incurred an unexpected injury partly delaying discovery. Plaintiff treated extensively (over 29 providers) and he continues to treat. The depositions of treating providers and workers' compensation investigators will need to be conducted. Witnesses will also need to be deposed and those dates are currently being coordinated. There have been delays in the retrieval of Plaintiff's employment files and worker's compensation files that are outside the control of parties, most of which have since been received, but the employment file seems lacking significant documents including prior worker's compensation claims and annual assessments. There are over 29 medical providers/clinics in this case and given the number of medical records, there is extra time needed to investigate and request additional records. As of January 2026, there have finally been disclosures to Defendants of pre-event treating providers with sufficiency to issue a subpoena for records and records have been requested.

Plaintiff has continued treatment and records have been requested and depositions need to be conducted. Plaintiff is likely to undergo at least one Rule 35 examination, and the parties are likely to confer regarding parameters, however, defense has chosen to wait for additional medical records  prior to assessing what examiners to retain. Expert witnesses as well as rebuttal witnesses will need to be disclosed after depositions go forward. Defense position is that it is cost effective to have the deposition transcripts and complete sets of medical records to the expert(s) in a sufficient time in advance of the depositions as well as initial expert reports.

PLAINTIFF'S POSITION REGARDING STIPULATION: The Plaintiff has agreed to this Third Stipulation and extension, but expressed that further continuances would likely not be agreed upon as additional medical authorizations were not requested by the defense until December, 2025. Further, that for medical provider depositions that earlier dates were provided, yet defense chose to push out the deposition dates. Further, that as the main injuries for the Plaintiff have been known since day 1 on this case, to include detailed workers compensation examinations and reports, that there is no reason to further delay disclosing initial medical and liability expert witnesses so that Plaintiff can also begin setting the depositions of the defense experts. Regarding Rule 35 examinations, such examinations have not been requested, nor have exam areas or requested

42020123.1:12713-0006

Case No.  2:25-cv-00625-CDS-DJA

**STIPULATION AND (PROPOSED) ORDER TO EXTEND DISCOVERY DEADLINES (THIRD REQUEST)**

WOOD, SMITH, HENNING & BERMAN LLP
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702.251.4100 ◆ FAX 702.251.5405

WOOD, SMITH, HENNING & BERMAN LLP
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702.251.4100 ♦ FAX 702.251.5405

examiner information been provided by the defense. Rather than litigate the extension of discovery, Plaintiff and his counsel have agreed to this third continuance in an effort to amicably work with Defendants and their counsel.

DEFENDANTS' POSITION REGARDING STIPULATION: Additional discovery is warranted and necessary given that there are over 29 treating provider entities identified in this case. Notably, 18 pre-event medical providers were first identified in January 2026, and records have been requested. Defendants maintain that the pre-event providers should have been disclosed on the Initial FRCP Disclosure as well in response to Defendants' First Set of Interrogatories, served in August 2025. They delay of the fair disclosures has expectantly delayed the Defendants' full and fair investigation into Plaintiff's alleged claims of mental and physical disabilities. Additionally, Plaintiff has testified and responded to discovery that this case is his only workers' compensation claim. However, records recently received from his employer suggest various pre-event claims, which are non-descript, and need to be investigated for reasons of the claims and treatment, if any, thereto.  Plaintiff has sought care from providers outside the State of Nevada and complete medical records have not been produced. For example, the records from the out of state providers is lacking raw data. It has been a challenge to get complete medical records, with raw data, even from in-state providers, which has caused a subsequent delay.

Defendants appreciate Plaintiff's counsel's agreement to a thirty (30) day extension. The 30-day extension is the most that Plaintiff's counsel would agree to. Counsel for Defendants maintain that the brief extension is optimistic given the number of providers and amount of discovery remaining. Counsel for Defendants thinks that an extension of four (4) months is a more conservative extension, but still expresses concern given the unique issues in this case and the sheer number of providers and records. Counsel for Defendants reserve the right to timely seek this court's intervention is further agreements to discovery period cannot be reached.

The parties have both moved this case forward diligently would like to move discovery and expert/rebuttal deadlines 30 days from the current deadlines remaining discovery needed to prepare this case for trial. This is the second request for an extension.

**Proposed Amended Discovery Dates and Deadlines**

6

The parties request that the following discovery deadline be extended as follows:

| Event | Current Deadline | Proposed New Deadline |
|---|---|---|
| Expert Disclosures | 3/23/26 | 4/22/26 |
| Rebuttal Disclosures | 4/20/26 | 5/20/26 |
| Last Day to Extend Discovery | 3/2/26 | 4/16/26 |
| Discovery | 6/19/26 | 7/20/26 |
| Dispositive Motions | 7/19/26 | 9/02/26 |
| Joint Pre-Trial Order | 8/21/26 | 10/05/26 |

In the event that a dispositive motion has been filed, the filing of the Pre-Trial Order shall be suspended until thirty (30) days after the court enters its decision on the dispositive motion. A trial date has not been set. Any further requests to change these discovery deadlines shall be made in compliance with LR 26-4.

IT IS SO STIPULATED.

DATED this 25th day of February , 2026.

DATED this 25th day of February, 2026.

**DRUMMOND LAW FIRM**

 */s/ Craig W. Drummond, Esq.*
Craig W. Drummond, Esq.
Nevada Bar No.: 11109
Joseph A. Tutone, Esq.
Nevada Bar No.: 16333
3325 W. Sahara Avenue
Las Vegas, Nevada 89102
craig@drummondfirm.com
joey@drummondfirm.com
and
Brice J. Crafton, Esq.
Nevada Bar No: 10558
Colton James Wilstead, Esq.
Nevada Bar No: 16024
**DEAVER | CRAFTON**
810 E. Charleston Blvd.
Las Vegas, Nevada 89104
P: 702.385.5959
F: 702.385.6939
brice@thepipros.com
cole@thepipros.com
*Attorneys for Plaintiff*

**WOOD, SMITH, HENNING & BERMAN LLP**

 */s/ Marjorie E. Kratsas*
Marjorie E. Kratsas
Nevada Bar No. 12934
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
mkratsas@wshblaw.com
*Attorneys for Defendants*
*Nevada CVS Pharmacy, L.L.C.; and*
*Warm Springs Road CVS, L.L.C.*

WOOD, SMITH, HENNING & BERMAN LLP
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702.251.4100 ◆ FAX 702.251.5405

-7-

42020123.1:12713-0006

Case No.  2:25-cv-00625-CDS-DJA

**STIPULATION AND (PROPOSED) ORDER TO EXTEND DISCOVERY DEADLINES**
**(THIRD REQUEST)**

## ORDER

IT IS SO ORDERED.

| Event | New Deadline |
|---|---|
| Expert Disclosures | 4/22/26 |
| Rebuttal Disclosures | 5/20/26 |
| Last Day to Extend Discovery | 4/16/26 |
| Discovery | 7/20/26 |
| Dispositive Motions | 9/02/26 |
| Joint Pre-Trial Order | 10/05/26 |

In the event that a dispositive motion has been filed, the filing of the Pre-Trial Order shall be suspended until thirty (30) days after the court enters its decision on the dispositive motion.

DATED: 2/27/2026

_____
United States Magistrate Judge

Respectfully submitted by:

 /s/ Marjorie E. Kratsas
Marjorie E. Kratsas
Nevada Bar No. 12934
Wood, Smith, Henning & Berman LLP
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
Telephone: 702.251.4100
Facsimile: 702.251.5405
mkratsas@wshblaw.com
*Attorneys for Defendants*
*Nevada CVS Pharmacy, L.L.C.; and*
*Warm Springs Road CVS, L.L.C.*

WOOD, SMITH, HENNING & BERMAN LLP
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702.251.4100 ♦ FAX 702.251.5405

-8-
42020123.1:12713-0006

Case No. 2:25-cv-00625-CDS-DJA

**STIPULATION AND (PROPOSED) ORDER TO EXTEND DISCOVERY DEADLINES
(THIRD REQUEST)**

**Erika M. McDonagh**

| | |
|---|---|
| **Subject:** | FW: Deadline- 2/26 - FW: Marez v. CVS, et al -Extending Discovery- Draft SAO |
| **Attachments:** | 26-2-25 Rev 1 Marez - SAO to Extend Discovery (3rd Request)(CG and MEK Revisions).docx |

**From:** Craig Drummond <Craig@drummondfirm.com>
**Sent:** Wednesday, February 25, 2026 10:51 AM
**To:** Marjorie E. Kratsas <MKratsas@wshblaw.com>
**Cc:** Brice Crafton <brice@thepipros.com>; Cole Wilstead <cole@thepipros.com>; Teri Boykin <Teri@drummondfirm.com>; Joseph Tutone <joey@drummondfirm.com>
**Subject:** [EXTERNAL] RE: Marez v. CVS, et al -Extending Discovery- Draft SAO

Marjorie,

You have my permission to accept all, e-sign and submit.

On a procedural note, if the dates further move we will then need to move the mediation. I do not have any desire to go to a mediation in this case before at least initial expert disclosures as I do not think it would be beneficial, for either side.

Thanks.

Craig



**Craig Drummond**

Attorney

**p:** 702-366-9966
**p:** 702-CAPTAIN
**f:** 702-508-9440
3325 W. Sahara Ave
Las Vegas, NV 89102

DrummondFirm.com

Craig W. Drummond is licensed to practice law in Nevada, Missouri, Kansas and before the United States Supreme Court.