# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

Mickey Jesse Marez, Sr.,

           Plaintiff,

    v.

CVS Pharmacy, Inc.; Nevada CVS Pharmacy, LLC; Warm Springs Road CVS, L.L.C.,

           Defendants.

Case No. 2:25-cv-00625-CDS-DJA

**Order**

On March 11, 2023, Plaintiff Mickey Jesse Marez, Sr. was delivering products to Defendants'[1] Las Vegas Boulevard CVS location in his role as a Pepsico (Frito-Lay) employee. (ECF No. 1-1 at 4). While walking through the receiving doorway, Plaintiff alleges that the overhead rolling door fell from its safety hinges and rolled down onto Plaintiff's head. (*Id.*). Plaintiff initiated this personal injury action in state court on January 28, 2025, and Defendants removed it on April 7, 2025. (*Id.* at 2); (ECF No. 1).

During discovery, Defendants produced certain documents and video clips that they marked "confidential" under the parties' stipulated protective order. Plaintiff moves the Court to de-designate those documents and video as confidential. (ECF No. 33). In compliance with the parties' stipulated protective order, Plaintiff also moves to seal those documents, along with

---

[1] On the docket, there are three Defendants: CVS Pharmacy, Inc.; Nevada CVS Pharmacy, LLC; and Warm Springs Road CVS, L.L.C. The same counsel has appeared for each and explained in the petition for removal that CVS Pharmacy, Inc. is the singular owner/member of Nevada CVS Pharmacy, LLC and Warm Springs Road CVS, L.L.C. (ECF No. 1 at 2). Nonetheless, many of the documents at issue in this omnibus order were only filed on behalf of Nevada CVS Pharmacy, LLC and Warm Springs Road CVS, L.L.C., not CVS Pharmacy, Inc. (ECF Nos. 36, 51, 57, 56, 63). The disconnect appears to be because Plaintiff's first amended complaint removes CVS Pharmacy, Inc., but that first amended complaint was never filed on the docket. Instead, it only appears as an attachment to Defendant Nevada CVS Pharmacy, LLC and Warm Springs Road CVS, L.L.C.'s acceptance of service. (ECF No. 8-1).

certain others that Defendants marked confidential, while still disputing the documents' and videos' confidentiality.  (ECF Nos. 39, 46, 47).

Plaintiff also moves to amend his complaint to add a claim for punitive damages, arguing that his counsel only recently learned that Defendants did not perform maintenance on the door. (ECF No. 42).  And Plaintiff moves to strike Defendants' answer, seeking case terminating sanctions because, according to Plaintiff, Defendants altered outdoor camera footage of the incident and failed to produce the original recording of indoor camera footage of the incident, instead producing a lower-quality recording of the original video.  (ECF No. 48).  Plaintiff moves after the fact to extend the page limit for his motion to strike as well.  (ECF No. 59).  Defendants move to exceed the ten deposition limit, arguing that Plaintiff has identified numerous treatment providers and experts who they wish to depose.  (ECF No. 56).

The Court finds that Defendants have not provided sufficient reason in their response to Plaintiff's motion to de-designate for the Court to maintain the confidentiality of the documents and video.  So, the Court grants Plaintiff's motion to de-designate (ECF No. 33) and denies his associated motion to seal (ECF No. 39).  The Court notes that in Plaintiff's other two motions to seal, Plaintiff seeks to seal documents that are not at issue in his motion to de-designate.  (ECF Nos. 46, 47).  But the only reason Plaintiff provides to seal these documents is that Defendant has marked them confidential and Defendant has not filed a response to the motions to seal to justify the Court sealing the documents.  So, the Court denies the motions to seal (ECF Nos. 46, 47) without prejudice.

Plaintiff has filed his motion to amend late but did not brief the appropriate standard.  The Court nonetheless finds that Plaintiff has shown good cause and excusable neglect for extending the amendment deadline under Federal Rule of Civil Procedure 16(b) and further finds that amendment is appropriate under Federal Rule of Civil Procedure 15(a)(2).  So, the Court grants Plaintiff's motion to amend.  (ECF No. 42).  The Court grants Plaintiff's motion to exceed the page limit for his motion to strike.  (ECF No. 59).  But the Court denies Plaintiff's motion to strike without prejudice because, while he has shown that Defendants lost certain evidence, he has not shown that the harsh sanction he seeks is justified under Federal Rule of Civil Procedure

37(e) and has not proposed any other appropriate sanctions. (ECF No. 48). Finally, the Court denies Defendants' motion to exceed the ten deposition limit because Defendants do not make a particularized showing of why the discovery is necessary. (ECF No. 56).

**I.    Discussion.**

    **A.    *Plaintiff's motion to de-designate and motions to seal (ECF Nos. 33, 39, 46, 47).***

In their stipulated protective order, the parties agreed that "the discovery sought in this Action is likely to require the production of certain confidential healthcare, business, commercial, trade secret, personnel, and/or financial information, and that the Parties have a legitimate need to protect the confidentiality of such information." (ECF No. 16 at 1-2). That stipulated protective order further provides that the parties may challenge confidentiality designations. (*Id.* at 6). As further outlined in the Court's supplemental protective order,

> The fact that the Court has entered the instant stipulated protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed without further notice.

(ECF No. 17 at 3).

The parties do not dispute that access to judicial records are generally favored by the courts. Both parties cite to *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) for this and other generally applicable propositions. In this Ninth Circuit case, the appellate court analyzed the preference for public access to judicial records, making clear that this preference is not absolute. *Id.* at 1178 (citation omitted). As stated, "[u]nless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Id.* (internal citations and quote marks omitted).

While a "compelling reason" standard is one that must be overcome by the party seeking to maintain confidentiality to documents attached to dispositive pleadings, the court in *Kamakana* found that when documents are attached to a non-dispositive motion, "the usual presumption of the public's right of access is rebutted." *Id.* at 1179 (internal citations and quotation marks omitted). In the non-dispositive context, "the public has less of a need for access to court records ... because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* (internal citations and quote marks omitted). The court reasoned: "when a district court grants a protective order to seal documents during discovery, it already has determined that good cause exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.* at 1179-80 (internal citations and quote marks omitted).

> In sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that compelling reasons support secrecy. ... A good cause showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Id.* at 1180 (internal citations and quote marks omitted). The "good cause showing will suffice to seal documents produced in discovery.... Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties." *Id.* (internal citations and quote marks omitted). With these standards in mind, the Court considers whether to de-designate and unseal the documents and video footage at issue.

Through the course of briefing the motion to de-designate, Defendants agreed to de-designate all but three items as confidential. So, the only items in dispute are: (1) Defendants' claim notes pages CVS0000031-38; (2) store surveillance footage stamped CVS 000173; and (3) store surveillance footage titled CVS Surveillance Footage Video MOV_8252.mp4. The only argument that Defendants make in support of keeping the claim notes confidential is that "Plaintiff's attempts at unsealing only a portion of the Claims Notes implicitly admits that there is confidentiality for anticipated litigation and business practices that require confidentiality." (ECF

No. 36 at 7). This argument makes no attempt to explain why the Court should maintain the confidentiality of these documents and is underdeveloped. So, the Court grants Plaintiff's motion to de-designate as to the claim notes pages CVS0000031-38.

Defendants argue that the Court should keep the video surveillance footage of the outside of the store pointing at the rolling door and of the inside of the store also pointing at the rolling door confidential because

> the CVS in question is located on the Las Vegas Strip. Therefore, individuals that are not physically on property, should not have information or knowledge as to where cameras are installed and what those cameras monitor. Giving such information to the public, and foreign nationals, could negatively expose the property and public at large to terroristic threats and other safety concerns. Moreover, exposing surveillance footage could potentially lead to monetary losses to the property as such information counteracts the business' efforts of loss prevention.

(ECF No. 36 at 4-5).

In reply, Plaintiff argues that cameras provide such a limited view and only show the storage room such that Defendants' concerns are not founded. (ECF No. 43 at 4-5). Plaintiff adds that Defendants' 30(b)(6) witness testified that the cameras are no longer in those locations anyway, further undermining Defendants' arguments. (*Id.*).

Having reviewed the footage and considering that Defendants' 30(b)(6) witness testified that the cameras are no longer in the same locations, the Court does not find that de-designating the footage as confidential would pose the dangers that Defendants suggest. The Court therefore grants Plaintiff's motion as to the security footage. With this ruling, the Court turns to Plaintiff's motions to seal. As a preliminary matter, Plaintiff has filed his motions to seal under seal. However, Plaintiff has provided no basis why the motions themselves should be sealed. So, the Court will unseal the motions.

In his first motion to seal, Plaintiff seeks to seal the documents at issue in his motion to de-designate. (ECF No. 39). Because the Court has granted the motion to de-designate and has found that the disputed documents are not confidential, the Court denies the motion to seal and will unseal it and its attached exhibits. In his second motion to seal, Plaintiff seeks to seal five

exhibits referenced in his motion to strike. (ECF No. 46). Three of those exhibits are screenshots of the videos which the Court has already found should be de-designated as confidential. (ECF Nos. 46-3, 46-4, 46-5). So, the Court denies Plaintiff's motion as to these exhibits and orders them unsealed. The other two exhibits are documents that Defendants have marked confidential and the only reason that Plaintiff provides for sealing these documents is that Defendants have marked them as such. (ECF Nos. 46-1, 46-2). However, Defendants have not complied with the terms of the Court's supplemental protective order by filing a declaration or a notice of withdrawal related to these documents. (ECF No. 17 at 3). So, the Court will deny Plaintiff's motion as to ECF Nos. 46-1 and 46-2, but will keep the documents under seal for fourteen days. Defendants must file a motion to seal these exhibits within fourteen days or the Court will order them unsealed.

In his third motion to seal, Plaintiff seeks to seal an additional exhibit referenced in his motion to strike. (ECF No. 47). The exhibit is not part of the group of documents that the Court has found should be de-designated as confidential. The only reason that Plaintiff provides for sealing the documents is that Defendants have marked them confidential. Defendants did not comply with the terms of the Court's supplemental protective order by filing a declaration or a notice of withdrawal related to these documents. So, the Court will deny Plaintiff's motion, but will keep the documents under seal for fourteen days. Defendants must file a motion to seal this exhibit (ECF No. 47-1) within fourteen days or the Court will order it unsealed.

### B.    Plaintiff's motion to amend (ECF No. 42).

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, when the deadline for amending pleadings under a scheduling order has passed, the court's analysis must start with Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed).  Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent."  Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10 (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend).

Here, as an initial matter, Plaintiff filed his motion to amend on May 5, 2026, well after the deadline to amend pleadings and add parties passed on December 6, 2025. [2]  (ECF No. 14). The Court is troubled by Plaintiff's failure to raise and address Rule 16(b)(4) in his opening brief, given the Ninth Circuit law on this point.  However, in the interest of resolving the parties' dispute on the merits, the Court considers Plaintiff's arguments in his opening and reply briefs.

Plaintiff moves to amend his complaint to allege a claim for punitive damages.  (ECF No. 42).  Plaintiff asserts that he did not learn the basis for his punitive damages claim until he took the deposition of Defendants' Federal Rule of Civil Procedure 30(b)(6) witness on April 28,

---

[2] In his reply, Plaintiff argues that the deadline to amend pleading and add parties is really May 21, 2026, because although the parties' last four stipulations to extend discovery did not address the amendment deadline, "[u]nder Local Rule 26-1(b)(2), unless otherwise ordered, the deadline to amend pleadings is generally '90 days before the close of discovery.'"  (ECF No. 55 at 3). Plaintiff's argument ignores the fact that Local Rule 26-1 does not govern extensions of discovery deadlines, but rather, the setting of an initial discovery plan.  Local Rule 26-3 governs extensions and requires that any requests for extension containing a "proposed schedule for completing all remaining discovery."  None of the parties' stipulations to extend time have included the amendment deadline in their proposed schedules and so have not extended that deadline.  (ECF Nos. 21, 25, 31, 52).

2026. (ECF No. 55 at 4). The 30(b)(6) witness testified that, other than employees doing visual inspections of the door, the door did not have any preventative maintenance done on it and no door technicians had inspected it. (ECF No. 42). Plaintiff asserts that this indicates that Defendants did not follow the door manufacturer's maintenance schedule, which maintenance schedule Plaintiff's experts referenced in their April 22, 2026, report. (ECF No. 42 at 8); (ECF No. 42-2 at 30).

Defendants argue that Plaintiff had been in possession of Defendants' maintenance and repair records since July 15, 2025. (ECF No. 51 at 5). Defendants point out that their 30(b)(6) witness referenced these records in stating that Defendants did not conduct preventative maintenance on the doors or have a technician inspect them. (*Id.* at 8). So, Defendants argue that Plaintiff should have known that Defendants did not perform maintenance on the rolling door long before the deadline to amend passed. (ECF No. 51 at 5).

Plaintiff argues in reply that the maintenance records alone were not equivalent to the sworn corporate testimony on which he bases his amendment. (ECF No. 55 at 5). Plaintiff adds that his counsel acted diligently by filing the motion to amend almost immediately after receiving the deposition transcript. (*Id.*).

Despite Plaintiff's failure to brief the Rule 16(b) standard at the outset, the Court finds that Plaintiff has demonstrated sufficient diligence to amend his complaint even though the deadline to do so has passed. As Plaintiff argues, he moved promptly after confirming at the 30(b)(6) witness deposition that Defendants had not conducted maintenance on the door at issue. The Court does not find that Plaintiff should have known this fact after receiving the maintenance records in July of 2025, and finds that it was reasonable for Plaintiff to have confirmed the records with the 30(b)(6) witness first.

Because the Court finds that Plaintiff was sufficiently diligent to allow for the late amendment, the Court analyzes Plaintiff's motion under Rule 15. Defendants sole argument against Plaintiff's proposed amendment is futility. An amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on [futility

grounds] is rare.  Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."  *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted).  "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment."  *Id.* (internal citations omitted).

Here, considering the liberal standards for allowing leave to amend and the fact that Defendants carry the burden of showing why amendment should not be granted, the Court grants Plaintiff's motion to amend.  Defendants' only arguments against Plaintiff's amendment concern futility.  However, denial of leave to amend on futility grounds is rare and it is not clear that no set of facts can be proved under Plaintiff's amendment that would constitute a valid claim.  Defendants' arguments are thus better developed through a motion to dismiss.  The Court grants Plaintiff's motion to amend.

### C.    *Plaintiff's motion to strike and related motion to exceed page limit (ECF Nos. 48, 59).*

When it comes to spoliation of electronically stored information—like video footage—only Rule 37(e) sanctions are available.  *See Gregory v. State of Montana*, 118 F.4th 1069, 1078 (9th Cir. 2024).  Under that rule, the Court may issue sanctions "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery…"  Fed. R. Civ. P. 37(e).  Those sanctions include "measures no greater than necessary to cure the prejudice," under Rule 37(e)(1) or presuming that the lost information was unfavorable to the party, instructing the jury that it may or must presume that the information was unfavorable to the party, or dismissal or default under Rule 37(e)(2).  Under Rule 37(e), a court must make specified findings before it may impose a sanction.  *Id.*  The Ninth Circuit explained in *Gregory*:

Paragraph (1) sets forth a general authority, "upon [a] finding of prejudice to another party from loss of the information," to impose remedial sanctions that are "no greater than necessary to cure the prejudice" resulting from the loss. Fed. R. Civ. P. 37(e)(1). Paragraph (2), however, establishes a more demanding standard before the court may impose certain types of severe sanctions. Such sanctions, the rule states, may be imposed "*only* upon finding that the party [who caused the loss] acted with the *intent* to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2) (emphasis added).

*Id.*

The Ninth Circuit has "held that the intent required by Rule 37(e)(2) 'is most naturally understood as involving the willful destruction of evidence with the purpose of avoiding its discovery by an adverse party." *Id.* at 1080 (internal quotations and citations omitted).

Plaintiff moves to strike Defendants' answer as a sanction for failing to preserve original video footage and instead producing two pieces of video footage that Plaintiff claims are defective. (ECF No. 48). The first piece of evidence is video footage depicting the outside of the CVS store and showing Plaintiff walking in and out of the doorway with the rolling door. Plaintiff argues that Defendants did not produce a full version of this video because portions of it are missing, including a few seconds after the door fell. The second piece of evidence is video footage depicting the inside of the store and showing Plaintiff walking inside and the door falling on him. Plaintiff asserts that the video that Defendants produced was a cell phone recording of a monitor that was playing the video. But despite clearly having the original video at some point, Defendants have only produced the cell phone recording and not the original version of the video that was playing on the monitor. Plaintiff argues that the video is blurry and lacks time stamps to compare to the outdoor video. Plaintiff adds that he has been deprived of the opportunity to analyze the recording frame by frame, to assess image quality and timing, and to evaluate metadata. Plaintiff asserts that this is particularly prejudicial because he claims that Defendants maintain "the official position that the produced cell phone video of the interior surveillance

screen does not depict the subject door strike the head or body of the Plaintiff, Mr. Marez."[3] (ECF No. 48 at 21). In seeking case terminating sanctions, Plaintiff asks the Court to infer the intent required by Rule 37(e)(2) from Defendants timing of the destruction (apparently after certain of Defendants' employees and its insurance adjuster had viewed the original), the fact that Plaintiff had sent a preservation of evidence letter on March 17, 2023,[4] the fact that Defendant created an inferior cell phone recording of the video, and "the selective preservation of other surveillance evidence."[5]

In response, Defendants explain that there are portions missing from the external video footage because that camera is motion operated. (ECF No. 57). So, any portions that are missing are simply portions where the camera was turned off because there was no motion. Defendants attach a declaration from Jose Luis Contreras, a senior manager at CVS, attesting to this. (ECF No. 57-1). Regarding the cell phone video, Defendants do not explain why they no longer have the original version. But they point to the language of Rule 37(e) explaining that sanctions are only warranted if the discovery "cannot be restored or replaced through additional discovery." Defendants point to Contreras' declaration in which he states that the cell phone recording is the same quality as the original to argue that Plaintiff is not prejudiced and that the discovery has been replaced such that sanctions are not warranted. (ECF No. 57-1). Defendants also attach a declaration from Carmella Maganis, the CVS employee who took the cell phone video, attesting

[3] Plaintiff bases this off of Defendants' 30(b)(6) witness testimony where Plaintiff's counsel asked, "[a]nd you, on behalf of CVS, [are] taking the position in this case that the door didn't strike Mr. Marez, that's from looking at the camera—excuse me—from the cell phone video of the screen, correct?" to which the witness replied, "[c]orrect." (ECF No. 48 at 19). Plaintiff also asserts that this is based off of Defendants' responses to Plaintiff's requests for admission stating that "Defendant ADMITS that upon information and belief, the rolling door lowered, but Defendant cannot ADMIT or DENY what, if any part, of Plaintiff's body made contact with the door as it calls for speculation." (ECF No. 48-11 at 7-8).

[4] It is not clear if Defendants created the cellphone video and/or destroyed the original video before or after receiving the preservation of evidence letter.

[5] It is unclear if by "selective preservation of other surveillance evidence," Plaintiff is referring to the external video footage or some other footage.

that the video was indeed what she captured with her cell phone and that "[t]here were no edits or alterations to the internal video that [she] record[ed]." (ECF No. 57-2).

In reply, Plaintiff no longer references the external camera footage. (ECF No. 60). However, Plaintiff points out that Defendants have not provided any reasoning why they no longer have the original internal video and why they only have a cell phone recording. Plaintiff reiterates that, without the original video, he is unable to examine the video in its original format or with the functions that the original video would allow him. So, Plaintiff reiterates his request for sanctions related to Defendants' failure to preserve this original video.

After Plaintiff filed his motion for sanctions, he filed a motion to exceed the page limit. (ECF No. 59). He explains that it was not until he filed his reply that he realized his motion exceeded the limit by two pages.

Here, the Court grants Plaintiff's motion to exceed the page limit (ECF No. 59) but denies Plaintiff's motion to strike (ECF No. 48) without prejudice. Turning to the merits of the motion to strike, given Defendants' provision of a declaration explaining that their external camera is activated by motion sensor, the Court does not find that Defendants violated Rule 37(e) by failing to preserve any external video footage. So, the Court denies Plaintiff's motion related to this footage.

The Court also denies Plaintiff's motion related to the internal video footage. Plaintiff maintains his assertion that striking Defendants' answer is the proper sanction for Defendants' failure to preserve the original interior video. In making this argument, Plaintiff asks the Court to infer Defendants' intent to deprive Plaintiff of the information. The Court is not persuaded by Plaintiff's arguments that Defendants' intent to deprive Plaintiff of the internal video can be inferred from the fact that certain of Defendants' and Sedgwick's employees viewed the original video and that Defendants inexplicably no longer have the original. This is particularly true because Defendants did preserve a version of the video in the form of the cell phone video. Because the Court does not find that Defendants acted with the intent to deprive Plaintiff of the video, none of the sanctions outlined in Rule 37(e)(2), including default, are applicable. And while Plaintiff has convincingly argued that the cell phone recording is not a replacement for the

original such that Defendants prejudicially failed to preserve evidence, Plaintiff does not propose any sanctions other than striking Defendants' answer. The issue of what sanctions might remedy the prejudice Plaintiff has faced is therefore not fully briefed. The Court will thus deny Plaintiff's motion without prejudice.

### D.   Defendants' motion to exceed the ten deposition limit (ECF No. 59).

Leave to exceed the presumptive deposition limit is to be granted "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). "A party seeking to exceed the ten deposition limit must make a particularized showing of why the discovery is necessary." *Natural Resources Defense Counsel, Inc. v. Winter*, No. cv-05-7513-FMC-FMOx, 2008 WL 11338647, at *2 (C.D. Cal. July 11, 2008) (citations and quotations omitted); *see Doss v. Hartford Life & Accident Ins. Co.*, No. 1:20-cv-00907-BAK-SKO, 2022 WL 4472964, at *2 (E.D. Cal. Sept. 26, 2022); *Thykkuttathil v. Keese*, 294 F.R.D. 597, 600 (W.D. Wash. 2013); *Archer Daniels Midland Co. v. Aon Risk Services, Inc.*, 187 F.R.D. 578, 586 (D. Minn. 1999); *but see Pitkin v. Corizon Health, Inc.*, No. 3:16-cv-02235-AA, 2018 WL 1336047, at *2 (D. Or. Mar. 13, 2018) (declining to require a "particularized showing of necessity"). The presumptive deposition limit is intended to "promote cost-effective discovery and promote the federal rules' policy of minimizing unreasonably cumulative or duplicative discovery." *Thykkuttathil*, 294 F.R.D. at 599 (citations and quotations omitted). Parties should ordinarily exhaust their allowed depositions before making a request for additional. *Id*; *but see El Dorado Energy, LLC v. Laron, Inc.*, No. 2:12-cv-01316-GMN-PAL, 2013 WL 2237580, at *3 (D. Nev. May 20, 2013) (explaining that "it would be potentially prejudicial to require [the moving party] to exhaust ten depositions and then file a motion for additional depositions near the close of discovery. This would require counsel for [the moving party] to guess which of the 15-20 deponents are most knowledgeable to pare the list to 10 and unreasonably compress the time for both sides to complete discovery").

Here, the Court denies Defendants' motion to exceed the ten deposition limit because Defendants do not make a particularized showing of why the additional depositions are necessary. While Defendants assert that Plaintiff has identified thirty-three treating providers, nine retained experts, and three non-retained experts and that certain of Plaintiff's medical records reveal a

history of drug use that Defendants wish to explore, this reasoning is too general and Defendants' request is too broad. It is not even clear to the Court how many additional depositions Defendants intend to take. Defendants do not explain whether they intend to depose all forty-five treating providers and experts, or if they intend to depose a subset of those individuals. *Compare* (ECF No. 56 at 8) ("Defendants respectfully request…to conduct discovery of sworn testimony from experts, treating providers, and percipient[] witnesses…") *with* (ECF No. 63 at 5) (requesting to depose "a fraction of the witnesses that Plaintiff has identified in this litigation."). And to the extent Defendants intend to depose a subset of those individuals, they do not explain how many or even which individuals they intend to depose. And while it appears that as of May 27, 2026, Defendants had taken three depositions, it is not clear how many more they have taken since then and how many more than ten they will ultimately require. (ECF No. 56 at 2).

Defendants' motion is therefore distinguishable from the motion in *El Dorado Energy, LLC v. Laron, Inc.*, a District of Nevada case to which they analogize. In *El Dorado*, the moving party "identifie[d] the four depositions that have been taken and the remaining depositions defense counsel intends to take if granted leave to exceed the Rule 30 ten deposition limit." *El Dorado*, WL 2237580 at *2. The moving party in *El Dorado* also provided a brief description of each witness and the anticipated subject matter of their testimony, represented that several of the witnesses would only require a half day deposition, and explained that counsel would try to limit the nineteen depositions to thirteen depending on whether they could obtain the information sought from other sources. *Id.* Here, Defendants have not provided the same amount of detail as the movants in *El Dorado*. Instead, Defendants have suggested that they intend to take as many as forty-five depositions of individuals who they do not describe on the single, unspecific topic of Plaintiff's drug use. The Court declines to grant Defendants leave to conduct the unspecified and unbounded depositions they seek and denies the motion without prejudice.

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's motion to de-designate (ECF No. 33) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to seal (ECF No. 39) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motions to seal (ECF Nos. 46, 47) are **denied without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **unseal** the following documents: ECF Nos. 39, 39-1, 39-2, 39-3, 39-4, 39-5, 39-6, 39-7; ECF Nos. 46, 46-3, 46-4, 46-5; ECF No. 47.

**IT IS FURTHER ORDERED** that Defendants shall have until **July 20, 2026,** to file a motion to seal the documents filed at ECF Nos. 46-1, 46-2, and 47-1.  If Defendants do not file a motion to seal these documents by **July 20, 2026,** the Court will order the documents unsealed.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (ECF No. 42) is **granted.** Plaintiff must file and serve the proposed amended pleading as required by LR 15-1(b).

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike (ECF No. 48) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend the page limit for his motion to strike (ECF No. 59) is **granted.**

**IT IS FURTHER ORDERED** that Defendants' motion to exceed ten depositions (ECF No. 56) is **denied without prejudice.**

DATED: July 7, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE